1  Devin Burstein
   Cal. State Bar Number 255389
2  Warren & Burstein
   501 West Broadway, Suite 240
3  San Diego, California 92101
   Tel: (619) 234-4433
4  Email: db@wabulaw.com

5  Law Office of Eric Honig, APLC
   Eric Honig - CA Bar No. 140765
6  P.O. Box 10327
   Marina del Rey, CA 90295
7  erichonig@aol.com
   Telephone: (310) 699-8051
8  Fax: (310) 943-2220

9  Joseph M. Schuster, Esq., P.A. (*pro hac vice*)
   5750 Collins Ave., Suite 12G
10 Miami Beach, FL 33140
   (305) 610-8330
11 joe@josephmschuster.com

12 Attorneys for Intervenor
   Julio Cesar Alvarez Montelongo
13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Antonio Caballero,<br><br>    Plaintiff,<br><br>v.<br><br>Fuerzas Armadas Revolucionarias de Colombia, et al.,<br><br>    Defendants,<br><br>v.<br><br>Julio Cesar Alvarez Montelongo,<br><br>    Intervenor. | Case No. 2:20-cv-07602-JWH (AGRx)<br><br>JOINT REPORT REGARDING PRE-EVIDENTIARY HEARING ISSUES<br><br>8/1/22: Discovery Cut-Off<br>8/5/22: Dispositive Motion Hearing Cut-Off<br>8/26/22: Pre-Evidentiary Hearing Conference and Deadline for Hearing on Motions *in Limine*, at 1:00 p.m. (by video)<br>9/12/22: Evidentiary Hearing on TRIA Motion, at 9:00 a.m. (In-Person) |

      Pursuant to the Court's February 11, 2022 Order (ECF 132), the parties hereby file this Joint Report regarding a proposed pre-evidentiary hearing schedule

and their positions the order of presentation of cases in chief, as follows:

A. <u>Proposed schedule of filing deadline dates:</u>

8/31/22:   1) Witness Lists,
           2) Joint Exhibit List,
           3) Declarations containing direct testimony,
           4) Proposed Findings of Fact and Conclusions of Law, and
           5) Optional Trial Memo

9/2/22:   Joint Proposed Final Pre-Hearing Conference Order

B. <u>Parties' positions on presentation of direct testimony:</u>

The parties agree to use the procedures set forth in L.R. 43-1.[1]

C. <u>Parties' positions on the order of presentation of cases in chief:</u>

    1. **Plaintiff Caballero's position**:

During the February 11, 2022 Status Conference, the Court noted that a preliminary ruling prior to the upcoming evidentiary hearing regarding which party has the burden of proof was likely unnecessary. As such, when the Court entered its Minute Order (ECF No. 132), the Court did not direct the parties to brief the issue of burden of proof at this time. Instead, the Court directed the parties to present their respective positions on "the order of presentation of cases in chief." (ECF No. 132, at 2).

Based on this Court's directions, Mr. Caballero's proposal to Mr. Alvarez

---

[1] L.R. 43-1 provides: "In any matter tried to the Court, the judge may order that the direct testimony of a witness be presented by written narrative statement subject to the witness' cross examination at the trial. Such written, direct testimony shall be adopted by the witness orally in open court, unless such requirement is waived." *See also*, *Phonetele, Inc. v. American Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir.1989)(the use of written testimony "is an accepted and encouraged technique for shortening bench trials.").

regarding "the order of presentation of cases in chief" did not address the issue of burden of proof. Mr. Caballero proposed to Mr. Alvarez that without waiving any position or argument on burden of proof, Plaintiff proceed first at the evidentiary hearing. In response, Mr. Alvarez has inappropriately set forth argument on the issue of burden of proof in his position on "the order of presentation of cases in chief."

    To be clear, in this TRIA post-judgment proceeding, Caballero has already submitted evidence sufficient for this Court to find that Mr. Alvarez is an agency or instrumentality of the FARC. *See* Order Granting Plaintiff's *Ex Parte* Application for Issuance of Writs of Garnishment at p. 3 (ECF No. 39); Memorandum Opinion and Order Regarding Pending Motions at p. 19 (ECF No. 124). Mr. Alvarez has intervened and challenges this Court's prior determination. Therefore, if the Court requests briefing on the burden of proof issue, Mr. Caballero will establish that the burden of proof is upon Mr. Alvarez to rebut the evidence already submitted by Mr. Caballero and accepted by this Court. But that issue is not before the Court at this time.[2] The parties can agree on, or provide their positions regarding, the order of presentation of cases in chief without waiving any arguments or positions on the burden of proof. Mr. Caballero has suggested as much to Mr. Alvarez and follows

---

[2] Mr. Alvarez claims that this Court has already addressed the burden of proof issue and quotes to page 31 of this Court's December 29, 2021 Memorandum Opinion and Order Regarding Pending Motions (ECF No. 124). Mr. Alvarez is wrong. The issue of burden of proof was not before the Court at the time. The language cited by Mr. Alvarez is contained in this Court's analysis rejecting Mr. Alvarez's argument that the Court apply the FSIA definition of "agency or instrumentality" and addressing Mr. Caballero's arguments regarding the "Assistance Standard." *Id.* at 26-27. Before providing its analysis and decision, the Court noted that it "regards those requests as motions *in limine* pertaining to the upcoming evidentiary hearing and, accordingly provides its guidance below." *Id.* at 27. The Court did not address the "burden of proof" but instead identified the elements of proof required – which mirrored the standards previously cited by and established by Mr. Caballero.

that approach below.

Without waiving any position or argument on burden of proof, Mr. Caballero proposes to present an opening statement to be followed by Mr. Alvarez's opening statement. Because the Court will have already received Mr. Caballero's direct testimony, following cross and redirect of such witnesses, Mr. Caballero would then proceed to examine in Court any of Mr. Alvarez's witnesses Mr. Caballero deems appropriate for his case in chief. As Mr. Caballero has already pointed out (ECF No. 100, at 26), several of Mr. Alvarez's witnesses have confirmed the facts supporting this Court's prior determination that Mr. Alvarez is an agency or instrumentality of the FARC. Because these examinations are in the nature of examining an adverse witness, such examinations should be live and not, as Mr. Alvarez's suggests, through presentation of excerpts from their depositions.

In other words, Mr. Caballero's position is that the presentations should be as follows:

1. Mr. Caballero makes an opening statement;
2. Mr. Alvarez makes an opening statement;
3. Mr. Caballero refers the Court to previously filed "written narrative statements" of direct testimony pursuant to L.R. 43-1;
4. Mr. Alvarez cross-examines in Court the witnesses providing "written narrative statements" on behalf of Mr. Caballero;
5. Mr. Caballero may conduct live redirect examination;
6. Mr. Caballero examines in Court any adverse witnesses that he calls as part of his case in chief;
7. Mr. Alvarez may conduct live redirect examination;
8. Mr. Caballero concludes his presentation of evidence;
9. Mr. Alvarez refers the Court to previously filed "written narrative statements" of direct testimony pursuant to L.R. 43-1;
10. Mr. Caballero cross-examines in Court the witnesses providing

|     |     |     |
| --- | --- | --- |
|     |     | "written narrative statements" on behalf of Mr. Alvarez; |
|     | 11. | Mr. Alvarez may conduct live redirect examination; |
|     | 12. | Mr. Alvarez examines in Court any adverse witnesses that he calls as part of his case in chief; |
|     | 13. | Mr. Caballero may conduct live redirect examination; |
|     | 14. | Mr. Alvarez concludes his presentation of evidence; |
|     | 15. | Mr. Caballero makes his closing argument; |
|     | 16. | Mr. Alvarez makes his closing argument. |

2. **Intervenor Alvarez's position**:

In a civil trial, including a bench trial, it is the party with the burden of proof who must present his case-in-chief first, followed by the defendant/opposing party. *See e.g., Dudley v. County of Santa Barbara*, 909 F.2d 1488 (9th Cir. 1990)*; Smith v. Orcutt Union Sch. Dist.*, 220CV00087RGKMAA, 2021 WL 4935973, at *1 (C.D. Cal. Oct. 4, 2021)(plaintiff first presented his case-in-chief at civil bench trial). The preponderance of the evidence standard applies in civil cases. *U.S. v. F/V Repulse*, 688 F.2d 1283, 1284 (9th Cir. 1982).

As for the order of presentation of evidence, the parties have agreed above that the witnesses' direct testimony should not be live but in written form. Plaintiff already has taken Mr. Alvarez's deposition and has set dates for taking the depositions of the three other persons specifically identified in Mr. Alvarez's Initial Disclosures and requested dates for deposing Mr. Alvarez's other witnesses. Accordingly, since Plaintiff already had and will have had the opportunity to examine these witnesses and elicit whatever testimony from them that he believes he would need to present his case-in-chief, he should submit the portions of these witnesses' deposition testimony, along with the Plaintiff's other witnesses' declarations, as the direct testimonial portion of his case-in-chief. Mr. Alvarez would then cross-examine Plaintiff's witnesses based on that written testimony, and then Plaintiff would cross-examine Intervenor's witnesses based on their direct

testimony presented in response to Plaintiff's case-in-chief.

Accordingly, Mr. Alvarez submits that the presentation should be as follows:

1. Plaintiff makes opening statement;
2. Intervenor makes opening statement;
3. Plaintiff presents his case-in-chief in written form (whether by declaration or deposition transcript) pursuant to L.R. 43.1;
4. Intervenor conducts live cross-examination of Plaintiff's witnesses;
5. Plaintiff may conduct live redirect examination;
6. Plaintiff rests;
7. Intervenor presents his case-in-chief in written form (whether by declaration or deposition transcript) pursuant to L.R. 43.1;
8. Plaintiff conducts live cross-examination of Plaintiff's witnesses;
9. Intervenor may conduct live redirect examination;
10. Intervenor rests;
11. Plaintiff makes his closing argument;
12. Intervenor makes his closing argument.

The issue of burden of proof goes hand-in-hand with the order of presentation of evidence since it is the party with the burden of proof who must present his case-in-chief first, followed by the opposing party. *Dudley, supra.*[3] Accordingly, as to the burden of proof, in its December 29, 2021 Order (ECF 124), the Court previously held in this case that "to demonstrate that Alvarez is an

---

[3] As Plaintiff admits on page 3, above, he obtained preliminary relief in this case on an *ex parte* basis (ECF 39) without notice to Mr. Alvarez, which is why the Court is now treating this like any normal civil case, and thus has set a schedule for initial disclosures, discovery (including expert discovery), dispositive motions, motions *in limine*, and a full evidentiary, *de novo* hearing regarding Plaintiff's claims, set for September 12, 2022. This also is why the parties are filing the instant joint report setting additional pre-hearing deadlines. *See* ECF 132.

'agency or instrumentality' of the FARC under TRIA § 201(a), **Caballero must show** that Alvarez: '(1) was a means through which a material function of the terrorist party is accomplished, (2) provided material services to, on behalf of, or in support of the terrorist party, *or* (3) was owned, controlled, or directed by the terrorist party.'" (emphasis added).[4]  Caballero has not yet shown that in an adversary hearing, which is the whole purpose of the above litigation and hearing schedule.

Accordingly, as shown above, in the parties's presentation of their cases, it is Plaintiff's burden to prove its claim at the upcoming evidentiary hearing that Alvarez is an agency or instrumentality of the FARC.

DATED: April 15, 2022      Respectfully submitted,

Devin Burstein
Joseph M. Schuster, Esq.
LAW OFFICE OF ERIC HONIG, APLC

*/s/ Eric Honig*
_____
ERIC HONIG
Attorneys for Intervenor Julio Cesar Alvarez Montelongo

---

[4] To obtain relief under the TRIA, a plaintiff must first establish that he or she has obtained a judgment against a terrorist party that is either for a claim based on an act of terrorism or for a claim for which a terrorist party is not immune. The moving plaintiff must then show that the assets are blocked as that term is defined in TRIA. Most importantly, "if the plaintiff wishes to execute against the assets of a terrorist party's agency or instrumentality, **he must further establish** that the purported agency or instrumentality is actually an agency or instrumentality of the terrorist party." *Caballero v. Fuerzas Armadas Revolucionarias De Colombia*, 2021 WL 3927826, at *2 (S.D. Fla. Aug. 24, 2021), *appeal dismissed*, 2022 WL 599168 (11th Cir. Jan. 7, 2022)(emphasis added).  The TRIA statute did nothing to alter the traditional burdens of proof required of the plaintiff. *Est. of Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 18–19 (D.D.C. 2011)(to attach the funds, plaintiffs needed to establish that a party was an agency or instrumentality of Iran).

7

| | | |
|---|---|---|
| 1 | DATED: April 15, 2022 | Respectfully submitted, |
| 2 | | Darren J. Devlin, Esq. |
| 3 | | Law Office of Richard H. Coombs, Jr. |
| 4 | | ZUMPANO PATRICIOS, P.A. |
| 5 | | */s/ Leon N. Patricios* |
| 6 | | Leon N. Patricios (Admitted Pro Hac Vice) |
| 7 | | Joseph I Zumpano (Admitted Pro Hac Vice) |
| 8 | | *Counsel for Plaintiff Antonio Caballero* (per e-mail authorization granted 4/15/22) |